# H. HOFFMAN, Respondent, v. MAX STUDNA, Appellant.

### Kansas City Court of Appeals, March 6, 1911.

1. **APPELLATE PRACTICE: Defective Abstract of Record.** Where appellant undertook to correct, by interlineation, his defective abstract of the record, without permission from the appellate court, and where the original abstract showed that appellant's motion for a new trial was not filed within four days, and the purported bill of exceptions was not filed in time, there is nothing before the appellate court for review except the record proper, and there being no exceptions to the record, on respondent's motion, the judgment will be affirmed, because of the insufficiency of the abstract.

2. ————: **Corrections by Interlienation.** It is too late for a party to ask the indulgence of the court after he has undertaken without authority to correct the defects of his abstract by interlineation.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*W. B. Dickinson* for appellant.

*Joseph P. Fontron* for respondent.

BROADDUS, P. J.—Respondent moves to affirm the judgment in this case because of the insufficiency of the appellant's abstract.

The abstract served on respondent recites that the verdict was returned November 15, 1909, and the date of filing the motion for a new trial November 22, 1909; that appellant was granted until on or before the 3d day of the January term, 1910, to file his bill of exceptions; and that it was filed the 31st day of January.

The appellant it seems after his attention was called to the fact by respondent that his abstract was defective, undertook to correct it by interlineation without permission from this court and now asks to consider it as if made before the copy was served on respondent.

The appellant's original abstract before he mutilated it by the said interlineations shows that the action of the court was right in overruling appellant's motion for a new trial because it was not filed within four days from the rendition thereof; and as the purported bill of exceptions was not filed within the time allowed by the court, there is nothing before us for review except the record proper to which no exceptions are taken, it follows that the judgment should be affirmed. Sometimes in the furtherance of justice we allow amendments to be made to abstracts when permission is asked for that purpose, but we do not think this is an instance to call for the exercise of any liberality in that respect. It is too late for a party to ask the indulgence of the court after he has without authority undertaken to correct the defects of his abstract by interlineation.

The cause is affirmed. All concur.